IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**CHATAN MAULTSBY,**

      **Petitioner,**

v.                                                                                     Case No. 1:17-cv-04612

**BARBARA RICKARD, Warden,**
**FCI McDowell,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On December 22, 2017, Petitioner Chatan Maultsby ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending is Respondent's Motion to Dismiss Petition. (ECF No. 8). Because Petitioner's release from custody renders his petition moot, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Motion to Dismiss; **DISMISS** the Petition for a Writ of Habeas Corpus; and remove this matter from the docket of the Court.

**I.   Relevant Facts**

At the time Petitioner filed this action, he was incarcerated at the Federal

Correctional Institution ("FCI") located in McDowell County, West Virginia. (ECF No. 1 at 1). In his petition seeking habeas relief, Petitioner complained that he should have been released to a halfway house on December 12, 2017, but his release was being improperly delayed as punishment for a 2015 disciplinary infraction for which he had already been punished by a loss of good conduct credit. (*Id.* at 3-4). He asked for immediate release from custody and that gratuity funds be given to him upon his release. (*Id.* at 4-5).

On January 9, 2018, after receiving Petitioner's filing fee, the undersigned ordered Respondent to show cause why the relief requested should not be granted. (ECF No. 5). Respondent answered the show cause order on March 1, 2018, contending that Petitioner was not entitled to the relief sought. (ECF No. 7). In support, Respondent advanced two grounds: (1) Petitioner had failed to exhaust his administrative remedies, which was a prerequisite to filing a habeas corpus petition; and (2) Petitioner had been properly considered for release to a halfway house, but was determined to be an inappropriate candidate for release due to his violent history, his nearly 30 sexual misconduct disciplinary actions, and his negative psychological assessment. (*Id.* 3-7).

On May 7, 2018, Respondent filed the pending Motion to Dismiss, arguing that the petition for habeas relief was now moot, because Petitioner was no longer in the custody of the Federal Bureau of Prisons ("BOP"). (ECF No. 8). Respondent supplied an affidavit signed by Tiffanie Little, a Legal Assistant with the Mid-Atlantic Regional Office. (ECF No. 8-1). Ms. Little verified that Petitioner was released from FCI McDowell on April 11, 2018 via Good Conduct Time Release. (*Id.*). On May 8, 2018, the undersigned entered an Order allowing Petitioner thirty days to respond to the Motion

to Dismiss. (ECF No. 9). However, the Order was returned as undeliverable. (ECF No. 10). According to the BOP inmate locator, Petitioner is no longer in BOP custody at any facility, and he has left no forwarding address with the Clerk of Court.

## II.   Discussion

It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Therefore, when a federal prisoner files a habeas corpus petition seeking relief from a sentence, his release from custody may render the petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing

3

*Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

In this case, neither exception applies. Petitioner did not challenge his conviction; rather, he claimed that his release date to a halfway house was being improperly delayed. Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Consequently, release from custody moots the petition. *Lane v. Williams,* 455 U.S. 624, 631 (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here, because there is no reasonable expectation that Petitioner will be incarcerated again and face the same set of circumstances in the future.

For these reasons, the undersigned **FINDS** that (1) Petitioner's release from custody renders his petition for habeas corpus relief moot and (2) neither exception to

the mootness doctrine applies in this case.

### III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Respondent's Motion to Dismiss, (ECF No. 8), be **GRANTED**;
1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED**; and
2. This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:**  June 29, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge